UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN KURSCHAT,

                                                          CIVIL CASE NO. 04-40281

          Plaintiff/Counter-Defendant,

v.                                        HONORABLE PAUL V. GADOLA
                                                       U.S. DISTRICT JUDGE

GENERAL BEARING CORPORATION.,

          Defendant/Counter-Plaintiff.
          _____/

## ORDER ACCEPTING AND ADOPTING, IN PART,

## THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

    This cause of action arises out of Plaintiff Sean Kurschat's employment with, and termination from, Defendant General Bearing Corporation. Plaintiff asserts claims of breach of contract and violation of the Michigan Sales Representatives Commission Act, M.C.L 600.2961, and seeks certain declaratory relief.

    Now before the Court are Defendant's motion for partial summary judgment, Magistrate Judge Steven D. Pepe's January 9, 2007 Report and Recommendation, the objections filed by each party, and each party's responses to the opposing objections.

    The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d

806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b). The rule states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Here, because each side filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

In the present case, the magistrate judge recommended: Defendant be granted summary judgment on Plaintiff's first amended complaint; Defendant be granted partial summary judgment on Defendant's counter-claim for breach of the Confidentiality Agreement, with the claim regarding Plaintiff's retention of confidential information being granted, but summary judgment with respect to the damages claim for this breach being denied and submitted to the trier of fact; and Defendant be denied summary judgment on Defendant's counter-claim for breach of the Confidentiality Agreement with respect to Plaintiff's use of confidential information.

The magistrate judge recommended that Defendant's motion for summary judgment be granted with respect to Plaintiff's post-termination sales commissions because the terms of the contract were unambiguous and failed to include any provision providing for such commissions. It must be concluded from the report and recommendation that the magistrate considered General Bearing's November 1997 offer letter as the controlling employment contract. Accordingly, reading the terms of the contract, the magistrate concluded that the contract expressly provided for severance in the form of post-termination salary but not commissions. Therefore, the magistrate recommended that because the terms were unambiguous, the Court should conclude that the procuring cause doctrine should not apply and that Plaintiff was not entitled to post-termination sales commissions. *See Report and Recommendation*, p. 15 (finding that when contract provides for certain severance benefits but is silent as to post-termination sales commissions, a court should not add into the contract, the procuring cause doctrine).

Reviewing the objections, the Court does not disagree with the magistrate's recital of law. However, the offer of employment referred to by the magistrate, General Bearing's November 1997

offer letter, is not the only document that could be considered controlling in the instant case. Defendant admits as much, indicating that Kurschat's June 1998 acceptance and General Bearings's July 1998 confirmation letter, each may arguably constitute the employment agreement. *See* Def's Br., Mot. for Summ. Judg., p. 10 [docket entry #26]. Plaintiff argues that none of these documents were intended as a full and complete expression of the parties' agreement. Therefore, it is argued, Plaintiff's evidence as to the parties' alleged oral agreement to pay post-termination sales commissions should be considered to determine the full terms of the employment contract. A review of the relevant documents raises considerable questions about which document controls and whether any of the documents should be considered fully integrated.

> It is well settled that
>
> The main goal in interpreting a contract is to honor the parties' intent. *Mahnick v. Bell Co.*, 256 Mich. App 154, 158-159; 662 N.W.2d 830 (2003). Courts must discern the parties' intent from the words used in the contract and must enforce an unambiguous contract according to its plain terms. *Id*. at 159. "If the contract language is clear and unambiguous, then its meaning is a question of law for the court to decide." *Conagra, Inc. v. Farmers State Bank*, 237 Mich. App 109, 132; 602 N.W.2d 390 (1999).

*Davis v. LaFontaine Motors, Inc*., 719 N.W.2d 890, 894 (Mich. Ct. App. 2006).

"Where a contract is clear and unambiguous, parol evidence cannot be admitted to vary it." *In re Skotzke Estate*, 548 N.W.2d 695, 697 (Mich. Ct. App. 1996). However, a "[p]requisite to application of the parol evidence rule is a finding that the parties intended the writing to be a complete expression of their agreement." *Id.* To that end, "Extrinsic evidence of prior or contemporaneous agreements or negotiations is admissible as it bears on this threshold question of whether the written instrument is such an 'integrated' agreement." *NAG Enterprises v. All State*, 285

N.W.2d 770, 771 (1979) (citing Restatement Contracts, 2d (Tentative Draft No. 6, 1971), § 240, p. 36.).

In the instant case, a plain reading of the documents provides at least some support for Plaintiff's objection that no one document is a fully integrated contract. The language of the various relevant documents provides arguable support for a conclusion that: **(1)** further agreements are necessary to complete the terms of the contract, *see* General Bearing Offer Letter of Nov. 13, 1997 [docket entry #26-5 at 2] (indicating "The schedule of commissions is to be negotiated."); **(2)** evidence of the discussions between the parties may be relevant to determine the meaning of the terms, *see* Acceptance Facsimile of June 12, 1998 [docket entry #26-6 at 2] (indicating, with respect to the elucidation of the specific sales commissions, "As we also discussed separately . . ."); or **(3)** the terms of the agreement are not fully reflected in the writing, *see* General Bearing's July 29, 1998 Confirmation Letter [docket entry #26-7 at 2] (indicating the letter was meant to "consolidate the full details" of the offer to Kurschat but the language of the document clearly omitting any mention of terms previously agreed upon– terms contained in the aforementioned documents and terms that the parties do not now dispute– such as paid holidays, sick leave, life insurance coverage, 401k plan participation, and most important to the instant case, the twelve-month salary severance pay provision).  All of this clouds a conclusion that any one of the documents constitute the full and complete agreement of the parties.

Accordingly, because there is a genuine issue of material fact as to which document controls and the extent that any of the documents may represent the full and complete agreement of the parties, the Court concludes that summary judgment against Plaintiff on the claims of post-

termination commissions is inappropriate at this juncture.  Defendant's motion for summary judgment with respect to Plaintiff's post-termination sales commissions must be denied.

Additionally, because Defendant's motion for summary judgment must be denied, Plaintiff's claim that Defendant failed to pay commissions as owed under the parties agreement in violation of the Sales Commission Representative Act, M.C.L 600.2961, must survive as well.  Accordingly, Defendant's motion for summary judgment in this regard, is denied.

Finally, the Court has reviewed the remaining objections submitted by each party and assigns no error to the report and recommendation with respect to these findings.  Therefore, to the extent not inconsistent with this order, the report and recommendation shall be accepted and adopted as the order of this Court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry # 26] as to Plaintiff's claims is **DENIED IN PART, GRANTED IN PART**;

Defendant's motion for summary judgment with respect to Plaintiff's post-termination commissions and with respect to Plaintiff's claim of the violation of the Sales Commission Representative Act, is **DENIED**.  That portion of the motion pertaining to Plaintiff's retention of confidential information is **GRANTED**, but the claim pertaining to damages for the breach is **DENIED** and shall be submitted to the trier of fact.  The claim pertaining to Plaintiff's use of the confidential information is also **DENIED**.

**SO ORDERED.**

Dated:   March 30, 2007                                     s/Paul V. Gadola
                                                            HONORABLE PAUL V. GADOLA
                                                            UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 3, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:          Kevin P. Albus; Randall J. Gillary; Robert C. Ludolph; James D. VandeWyngearde         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                                          .

                                                                s/Ruth A. Brissaud                     
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845